UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIMMEL, CARTER, ROMAN, PELTZ & O'NEILL, P.A., on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>COSTCO WHOLESALE CORPORATION and the COSTCO EMPLOYEE BENEFITS PROGRAM,<br><br>    Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION**<br><br>**Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453**<br><br>(King County Superior Court Case No. 19-2-10456-2) |

TO: CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

  Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Costco Wholesale Corporation and the Costco Employee Benefits Program ("Defendants"), by and through counsel, hereby remove the state court action described below from the Superior Court of the State of Washington for King County to the United States District Court for the Western District of Washington. This removal is based upon the following grounds.

DEFENDANTS' NOTICE OF REMOVAL OF ACTION – Page 1
Case No.

1. On April 16, 2019, Plaintiff filed its Proposed Class Action Complaint ("Complaint") in the state court action, *Kimmel, Carter, Roman, Peltz & O'Neill, P.A. v. Costco Wholesale Corporation and the Costco Employee Benefits Program*, Case No. 19-2-10456-2 SEA ("State Court Action").

2. Defendant Costco Wholesale Corporation ("Costco") was served with a Summons and a copy of the Complaint in the State Court Action on April 18, 2019.

3. Copies of all process, pleadings and orders served on Costco in the State Court Action are attached hereto as Exhibit 2. (A Civil Cover Sheet for the action is attached as Exhibit 1.)

4. Defendant Costco Employee Benefits Program ("Costco Plan" or "Plan") is a self-insured group health and welfare benefits plan established and maintained by Costco and constitutes an "employee benefit plan" within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(3). *See* State Court Complaint, ¶ 5 (the "Costco Employee Benefits Program consists of or includes a self-funded benefits plan under the Employee Retirement Income Security Act . . . .").

5. The State Court Action seeks to alter, regulate, and/or control the terms and operation of the Costco Plan and the Reimbursement Agreement used by that Plan to effectuate its provisions – including seeking a permanent injunction against Costco and the Costco Plan dictating the terms of the Plan's continued operation. *See, e.g.,* State Court Complaint, ¶ 1 (the action seeks a judicial declaration that "terms of the Costco Employee Benefits Program . . . are unlawful, unenforceable, void against public policy, and of no effect"), ¶¶ 7-8 (describing the Reimbursement Agreement at issue in the action as a product of the Costco Plan and its operation in conjunction with the Plan), ¶ 19 (First Cause of Action, seeking declaratory judgment that certain terms of the Costco Plan's Reimbursement Agreement "are unlawful, unenforceable, void against public policy, and of no effect"); State Court Complaint,

DEFENDANTS' NOTICE OF REMOVAL OF ACTION – Page 2
Case No.

Mondress | Monaco | Parr | Lockwood PLLC
2101 Fourth Avenue, Suite 2170
Seattle, Washington 98121
Telephone: (206) 398-1500
Facsimile: (206) 398-1501

Exhibit A, p.2 ("This Agreement is made pursuant to the terms of the Plan, as a condition to the continued receipt of benefits under the Plan . . . .").

6. The ERISA enforcement scheme thus completely preempts Plaintiff's purported claims against Defendants under state statutes and/or common law. "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. ERISA is one of these statutes." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) (internal quotation marks and citation omitted). ERISA is designed to provide a "comprehensive" regulatory scheme regarding the provision of employee benefits, and so "to this end, ERISA includes expansive pre-emption provisions, *see* ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Id.* at 208 (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, (2003). Removal is therefore appropriate pursuant to 28 U.S.C. § 1441(a), without respect to diversity or the amount in controversy.

7. Removal is also appropriate because the State Court Action is subject to original jurisdiction by the federal courts under the Class Action Fairness Act of 2005 ("CAFA") and its addition of 28 U.S.C. § 1332(d)(2) as a basis for removal. Under those provisions, removal is appropriate if suit is brought as a purported class action and: (a) the case encompasses 100 or more putative class members; (b) any class member is a citizen of a state different from any Defendant; and (c) the aggregate amount in controversy for the proposed class exceeds $5,000,000 (exclusive of interest and costs). *See* 28 U.S.C. § 1332(d)(2), (d)(5) & (d)(6). These requirements are satisfied here:

DEFENDANTS' NOTICE OF REMOVAL OF ACTION – Page 3
Case No.

Mondress | Monaco | Parr | Lockwood PLLC
2101 Fourth Avenue, Suite 2170
Seattle, Washington 98121
Telephone: (206) 398-1500
Facsimile: (206) 398-1501

a. The Complaint alleges that the proposed class consists of more than 100 members. Complaint, ¶ 13.

b. Plaintiff is a professional association incorporated in Delaware, with its principal place of business in that State. *See* Complaint, ¶ 2; *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) ("nerve center" test determines principal place of business). It is therefore a citizen of Delaware. Costco Wholesale Corporation is a corporation organized under the laws of Washington, with its principal place of business in that state. *See* Complaint, ¶ 3; *Hertz*, 559 U.S. at 92-93. It is therefore a citizen of Washington.

c. For purposes of this Notice only, Defendants aver that Plaintiff's claims place far more than $5,000,000 in controversy. *See, e.g. Lewis v. Verizon Communications, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010) (averments on removal regarding the amount in controversy are not a concession of liability).

Plaintiff seeks injunctive relief requiring recognition of the rights of class member law firms to recovery under the "common fund doctrine" and/or the "doctrine of quantum meruit" from Defendants, which would require payment to class member law firms in cases where their clients' litigation recoveries result in payments to the Costco Plan. Over the last three years, the Costco Plan has received more than $9,168,000 in payments with respect to recoveries from resolution of its participants' and their family members' third-party claims. The vast majority of these recoveries occur in cases where the Costco Plan participant or family member is represented by counsel. Assuming a typical "common fund" recovery percentage of 25% (*see, e.g., Six (6) Mexican Workers v. Ariz. Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir.1990)) and that 75% of payments to the Costco Plan resulting from litigation recoveries are in counsel-represented cases, if Plaintiff's requested injunctive relief had been in effect

DEFENDANTS' NOTICE OF REMOVAL OF ACTION – Page 4
Case No.

Mondress | Monaco | Parr | Lockwood PLLC
2101 Fourth Avenue, Suite 2170
Seattle, Washington 98121
Telephone: (206) 398-1500
Facsimile: (206) 398-1501

over the last three years the Costco Plan would have been required to pay over $1,686,000 in "common fund" recoveries to the class for those three years alone – or an average annual payment to the purported class of $562,000. At that rate, even if recoveries by the Costco Plan remained at current levels and did not increase (even for inflation), in 20 years one element of Plaintiff's requested permanent injunctive relief would produce more than $11,000,000 in payments to purported class members; indeed, the $5,000,000 amount-in-controversy requirement will be met in less than 10 years. Similarly, at a 5% discount rate, over a 20 year period the present value of $562,000 in annual payments by Defendants would significantly exceed $5,000,000 – and a 13-year period of such payments would also exceed $5,000,000 in present value. *See, e.g., Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) (including present value of prospective injunctive relief over a 20-year period toward satisfaction of $5,000,000 CAFA threshold).

8. This Notice of Removal is filed with the Court within 30 days after first service upon Defendants of the Summons and Complaint in the State Court Action.

9. In accordance with 28 U.S.C. § 1446(d), Defendants are filing a copy of this Notice of Removal with the Superior Court of the State of Washington for King County, and are serving a copy of the Notice upon the Plaintiff.

Respectfully submitted this 16th day of May, 2019.

By: s/ Michael P. Monaco
Michael P. Monaco
Mondress Monaco Parr Lockwood PLLC
2101 Fourth Avenue, Suite 2170
Seattle, WA 98121
Telephone: (206) 398-1500
Fax: (206) 398-1501
mmonaco@mmpl-law.com

Attorneys for Defendants

DEFENDANTS' NOTICE OF REMOVAL OF ACTION – Page 5
Case No.

Mondress | Monaco | Parr | Lockwood PLLC
2101 Fourth Avenue, Suite 2170
Seattle, Washington 98121
Telephone: (206) 398-1500
Facsimile: (206) 398-1501

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May, 2019, I caused the foregoing **Notice of Removal of Action** and Exhibits thereto to be served by hand delivery to the following:

Maria S. Diamond
Diamond Massong, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161

I further certify that on this 16th day of May, 2019, I caused the foregoing **Notice of Removal of Action** and Exhibits thereto to be served by U.S. mail to the following:

Maria S. Diamond
Diamond Massong, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161

John S. Spadaro
John Sheehan Spadaro, LLC
54 Liborio Lane
Smyrna, DE 19977

                                          s/ Michael P. Monaco
                                          MICHAEL P. MONACO

DEFENDANTS' NOTICE OF REMOVAL OF ACTION – Page 6
Case No.

Mondress | Monaco | Parr | Lockwood PLLC
2101 Fourth Avenue, Suite 2170
Seattle, Washington 98121
Telephone: (206) 398-1500
Facsimile: (206) 398-1501