FILED
2019 APR 16 12:59 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 19-2-10456-2 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| KIMMEL, CARTER, ROMAN, PELTZ & O'NEILL, P.A., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION and the COSTCO EMPLOYEE BENEFITS PROGRAM,<br><br>Defendants. | NO.<br><br>PLAINTIFF'S (PROPOSED) CLASS ACTION COMPLAINT |

COMES NOW Plaintiff Kimmel, Carter, Roman, Peltz & O'Neill, P.A. ("Kimmel Carter"), and for complaint against defendants Costco Wholesale Corporation and the Costco Employee Benefits Program, alleges as follows:

### Nature of the Action

1. This is an action for classwide declaratory relief. It seeks a judicial declaration that the terms of the Costco Employee Benefits Program — and, more particularly, those terms that purportedly operate to extinguish or nullify the rights of the plaintiff, and of absent class members, to recovery under the common fund doctrine and the doctrine of quantum meruit — are unlawful, unenforceable, void against public policy, and of no effect as applied to the proposed class.

### The Parties

2. Plaintiff Kimmel, Carter, Roman, Peltz & O'Neill, P.A. is a professional association incorporated in Delaware, and one of that state's leading plaintiffs' personal injury law firms.

PLAINTIFF'S (PROPOSED) CLASS ACTION
COMPLAINT - 1

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone • 206.445.1257 Fax

3. Defendant Costco Wholesale Corporation is a corporation organized under the laws of the State of Washington. At all times relevant to this action, Costco Wholesale Corporation has transacted business in King County, Washington.

4. On information and belief, Costco Wholesale Corporation funds, operates and administers (or oversees the administration of) the Costco Employee Benefits Program.

5. The Costco Employee Benefits Program consists of or includes a self-funded benefits plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et seq.* On information and belief, to the extent the Costco Employee Benefits Program is a legal entity separate and distinct from Costco Wholesale Corporation, it is an unincorporated association that may sue or be sued in this Court.

**Factual Background**

6. Kimmel Carter represents Ashli Gerlach, a Delaware personal injury claimant employed by defendant Costco Wholesale Corporation. Ms. Gerlach is alleged to have suffered injuries in a January 30, 2017 accident.

7. On or about July 15, 2017, acting at the direction or request of her employer, Costco Wholesale Corporation, Ms. Gerlach executed the Costco Employee Benefits Program's Reimbursement Agreement (the "Reimbursement Agreement"). A copy of the executed Reimbursement Agreement is attached as Exhibit A.

8. The Reimbursement Agreement provides, in pertinent part, as follows:

   1. The Costco Employee Benefits Program ("Plan") does not cover any health expenses for an illness or injury if the expenses are, or may be, recoverable from any third party — for example, my insurance coverage, another person's insurance coverage, or a workers' compensation program. However, the Plan will advance payment of such expenses while I pursue a recovery from a third party, on the condition that I reimburse the Plan out of any payment that a third party makes to me, my family members, or my attorney in connection with the illness or injury (a "third-party payment").

   2. The Plan has an equitable lien against any third-party payment, in the amount of all expenses paid by the Plan in connection with the illness or injury (and regardless of when the expenses are paid or incurred). In addition, the Plan has a "first dollar" right to

PLAINTIFF'S (PROPOSED) CLASS ACTION
COMPLAINT - 2

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone • 206.445.1257 Fax

reimbursement — that is, the Plan has the right to be reimbursed from the total amount of any third-party payment (without reduction for any costs or attorney's fees I may incur in pursuit of the recovery) before any amounts are paid to me or any other person. The Plan's right to reimbursement applies regardless of how the third-party payment is obtained (for example, by suit, settlement, or otherwise), regardless of whether the payment is formally allocated to payment of health expenses, and regardless of whether I am "made whole" by the payment.

3. The Plan has the right to *full* reimbursement. The Plan is not required to reduce its lien for any costs or attorney's fees I incur in obtaining a third-party payment, or for any other reason. However, notwithstanding the Plan's right to full reimbursement, the Plan's general policy is to reduce its lien to the extent it exceeds 1/3 of the total third-party payments. The Plan reserves the right not to offer this lien reduction if I (or my attorney) do not cooperate with the Plan.

\*\*\*

*If you are represented by an attorney, your attorney must also sign. By signing below, your attorney agrees to honor the Plan's lien, and that the Plan is not responsible for any portion of your attorney's fees or costs.*

9. The defendants contend and will continue to contend that unless Kimmel Carter becomes a signatory to and agrees to be bound by the Reimbursement Agreement, the Costco Employee Benefits Program will (i) refuse to pay medical bills arising from Ms. Gerlach's accident-related medical treatment, and (ii) refuse to recognize Kimmel Carter's rights to compensation for its legal services under the common fund doctrine and the doctrine of quantum meruit.

10. Kimmel Carter contends that:

- If Kimmel Carter becomes a party to the Reimbursement Agreement, it will thereby have violated (or risked violation of) the Delaware Lawyers' Rules of Professional Conduct and the American Bar Association's Model Rules of Professional Conduct;
- By conditioning payment of Ms. Gerlach's accident-related medical bills on Kimmel Carter's signing the Reimbursement Agreement, the defendants are

PLAINTIFF'S (PROPOSED) CLASS ACTION
COMPLAINT - 3

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ◆ 206.445.1257 Fax

unlawfully interfering with Kimmel Carter's attorney-client relationship with Ms. Gerlach;

- The defendants' conduct threatens to unlawfully restrict or impair the public's access to its choice of counsel in personal injury cases; and
- The defendants' conduct unlawfully threatens the rights of personal injury lawyers to recover for legal services rendered under the common fund doctrine and the doctrine of quantum meruit.

## Class Certification Allegations

11. This action is brought and may properly be maintained as a class action pursuant to Superior Court Rules 23(a), (b)(1)(A), and (b)(2). Plaintiff Kimmel, Carter, Roman, Peltz & O'Neill, P.A. brings this action on behalf of itself and all others similarly situated, as representative of the following proposed class:

All attorneys known by one or both of the defendants to be currently representing individuals in connection with personal injury claims, where those individuals are signatories to the Costco Employee Benefits Program's Reimbursement Agreement.

12. Specifically excluded from the proposed class are the defendants' officers, directors, employees, agents or legal representatives, or any of their successors or assigns.

13. *Numerosity of the Class (CR 23(a)(1)).* The proposed class is so numerous that the individual joinder of all members is impracticable. While the exact number and identities of proposed class members is presently unknown, and can only be determined through investigation and discovery, plaintiff is informed and believes that the proposed class includes over 100 members.

14. *Common Questions of Law and Fact (CR 23(a)(2)).* Common questions of law and fact exist as to all members of the proposed class. They include, without limitation, the following:

   a. Whether, by entering into the defendants' Reimbursement Agreement, or by entering into any substantially similar agreement, a lawyer violates (or risks violation of) the American Bar Association's Model Rules of Professional Conduct;

b. Whether the defendants' Reimbursement Agreement, or any substantially similar agreement, tends to unlawfully interfere with a lawyer's attorney-client relationship with personal injury claimants;

c. Whether the defendants' conduct threatens to unlawfully restrict or impair the public's access to its choice of counsel in personal injury cases;

d. Whether the defendants' conduct unlawfully threatens the rights of personal injury lawyers to recover for legal services rendered under the common fund doctrine or the doctrine of quantum meruit;

e. Whether the defendants' conduct unlawfully threatens the rights of personal injury lawyers to be free from compulsion or coercion with respect to conduct that violates or risks violation of the American Bar Association's Model Rules of Professional Conduct;

f. Whether the defendants' conduct unlawfully threatens the rights of personal injury lawyers to unfettered attorney-client relationships with the personal injury claimants they represent;

e. Whether the proposed class is entitled to declaratory relief;

f. Whether the proposed class is entitled to injunctive relief; and

g. Whether the proposed class is entitled to recovery of reasonable attorneys' fees, and if so, the amount of such fees.

15. ***Typicality of Claims (CR 23(a)(3))***. Plaintiff Kimmel, Carter, Roman, Peltz & O'Neill, P.A.'s claims are typical of the claims of the members of the proposed class. All members of the proposed classes have an immediate and important interest in the rights threatened by the defendants' conduct, including the right to recovery of compensation for legal services rendered under the common fund doctrine and the doctrine of quantum meruit; the right to be free from compulsion or coercion with respect to conduct that violates or risks violation of the American Bar Association's Model Rules of Professional Conduct; and the right to establish and maintain unfettered attorney-client relationships with the personal injury claimants they represent. All members of the proposed class likewise share an immediate and important interest in the public's right of unfettered access to counsel of their choosing in personal injury matters.

PLAINTIFF'S (PROPOSED) CLASS ACTION
COMPLAINT - 5

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ♦ 206.445.1257 Fax

16. ***Adequacy of Representation (CR 23(a)(4)).*** Kimmel Carter is under no actual or potential conflict of interest with respect to other members of the proposed class, and will fairly and adequately protect their interests. It has retained counsel experienced in the prosecution of complex litigation and class action litigation.

17. This action is certifiable under CR 23(b)(1) and (2) because:

    a. The prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to such individual class members, thus establishing incompatible standards of conduct for the defendants; and

    b. The defendants have acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION
### Declaratory Judgment

18. Plaintiff Kimmel, Carter, Roman, Peltz & O'Neill, P.A. repeats and incorporates by reference the allegations set forth in paragraphs 1 through 17 above.

19. The terms of the defendants' Reimbursement Agreement that are quoted within paragraph 8 above are unlawful, unenforceable, void against public policy, and of no effect as applied to Kimmel Carter and the proposed class.

20. An actual controversy of a justiciable nature exists between plaintiff Kimmel, Carter, Roman, Peltz & O'Neill, P.A., on its own behalf and as representative of the proposed class (on the one hand) and the defendants (on the other), concerning the parties' rights and obligations. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

21. An award of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

PLAINTIFF'S (PROPOSED) CLASS ACTION
COMPLAINT - 6

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ♦ 206.445.1257 Fax

## SECOND CAUSE OF ACTION

### Injunctive Relief

22. Plaintiff Kimmel, Carter, Roman, Peltz & O'Neill, P.A. repeats and incorporates by reference the allegations set forth in paragraphs 1 through 21 above.

23. Kimmel Carter, and all members of the proposed class, have a clear and substantial right to (i) recovery of compensation for legal services rendered under the common fund doctrine and the doctrine of quantum meruit; (ii) freedom from compulsion or coercion with respect to conduct that violates or risks violation of the American Bar Association's Model Rules of Professional Conduct; (iii) establish and maintain unfettered attorney-client relationships with the personal injury claimants they represent; and (iv) safeguard the public's right of unfettered access to counsel of their choosing in personal injury matters.

24. By virtue of the defendants' conduct as alleged above, Kimmel Carter, and all members of the proposed class, have suffered and (in the absence of the relief sought by this complaint) will suffer an invasion of the rights enumerated in the preceding paragraph.

25. In the absence of the declaratory relief sought herein, permanent injunctive relief will be necessary to prevent the defendants' invasion of and attack on the rights enumerated in paragraph 23 above.

WHEREFORE, plaintiff Kimmel, Carter, Roman, Peltz & O'Neill, P.A. respectfully requests that this Court enter judgment in its favor, declaring the parties' rights and obligations; finding the offending terms of the defendants' Reimbursement Agreement unlawful; issuing a permanent injunction enjoining and restraining the defendants from continuing to engage in the unlawful conduct complained of herein; awarding all costs of this action, including reasonable attorneys' fees; and awarding such other relief as the Court deems just and proper.

Dated this ___ day of April, 2019.

PLAINTIFF'S (PROPOSED) CLASS ACTION
COMPLAINT - 7

DIAMONDMASSONG, PLLC
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
206.445.1258 Phone ♦ 206.445.1257 Fax

DIAMOND MASSONG, PLLC

*[signature]*

Maria S. Diamond, WSBA #13472
1215 Fourth Avenue, Suite 1275
Seattle, WA 98161
(206) 445-1258
Attorney for Plaintiff Kimmel, Carter, Roman, Peltz & O'Neill, P.A.

OF COUNSEL:

JOHN SHEEHAN SPADARO, LLC

*/s/ John S. Spadaro*
John S. Spadaro, DSBA # 3155
54 Liborio Lane
Smyrna, DE 19977
(302) 235-7745
Attorney for Plaintiff Kimmel, Carter, Roman, Peltz & O'Neill, P.A.
(Application for *Pro Hoc Vice* Application Pending)

Category Code: SBRG

# REIMBURSEMENT AGREEMENT
## *Costco Employee Benefits Program*

I understand and agree to all of the following:

1. The Costco Employee Benefits Program ("Plan") does not cover any health expenses for an illness or injury if the expenses are, or may be, recoverable from any third party—for example, my insurance coverage, another person's insurance coverage, or a workers' compensation program. However, the Plan will advance payment of such expenses while I pursue a recovery from a third party, on the condition that I reimburse the Plan out of any payment that a third party makes to me, my family members, or my attorney in connection with the illness or injury (a "third-party payment").

2. The Plan has an equitable lien against any third-party payment, in the amount of all expenses paid by the Plan in connection with the illness or injury (and regardless of when the expenses are paid or incurred). In addition, the Plan has a "first dollar" right to reimbursement—that is, the Plan has the right to be reimbursed from the total amount of any third-party payment (without reduction for any costs or attorney's fees I may incur in pursuit of the recovery) before any amounts are paid to me or any other person. The Plan's right to reimbursement applies regardless of how the third-party payment is obtained (for example, by suit, settlement, or otherwise), regardless of whether the payment is formally allocated to payment of health expenses, and regardless of whether I am "made whole" by the payment.

3. The Plan has the right to *full* reimbursement. The Plan is not required to reduce its lien for any costs or attorney's fees I incur in obtaining a third-party payment, or for any other reason. However, notwithstanding the Plan's right to full reimbursement, the Plan's general policy is to reduce its lien to the extent it exceeds 1/3 of the total third-party payments. The Plan reserves the right not to offer this lien reduction if I (or my attorney) do not cooperate with the Plan.

4. I will promptly notify the Plan if I receive any third-party payment, and I will hold the total amount of the payment in an escrow or trust account acceptable to the Plan (or, if I am represented by an attorney, I will direct my attorney to hold the payment in trust). The Plan will notify me of the amount of its lien and I will promptly reimburse the Plan. I will not permit any funds to be disbursed to me, my attorney or any other person until the Plan informs me in writing that its lien has been satisfied.

5. After I have reimbursed the Plan out of my third-party payment, the Plan may pay no further expenses relating to the injury or illness (regardless of when such expenses are incurred), in the Plan's sole discretion. As a condition of paying any further expenses, the Plan may require that I continue to hold up to 1/3 of the total third-party payment in a trust or escrow account for the purpose of reimbursing the Plan.

6. I will cooperate with the Plan's right to reimbursement, including by promptly providing any information requested by the Plan in connection with my third-party claim or third-party payment and by not taking any action which will prejudice the Plan's right to reimbursement. All benefits advanced by the Plan in connection with the injury or illness are made in reliance on my agreement to cooperate with the Plan and to promptly reimburse the Plan out of any third-party payment. If my attorney or I fail to do so, the Plan will stop advancing benefits, and the expenses previously advanced by the Plan will become immediately due and payable and will be considered an overpayment of benefits under Plan terms. The Plan will be entitled to recoup the overpayment by reversing the claims paid, and/or by offsetting the amount of the overpayment from any future benefit payments to me and/or my covered family members. In addition, the Plan may bring legal action against me for unjust enrichment, to seek a constructive trust, or to otherwise enforce the terms of the Plan and this Agreement, and I agree to raise no objection to the standing of the Plan to pursue such action, in either state or federal court. I will be responsible for all reasonable attorney's fees and costs the Plan incurs due to my failure to cooperate.

{00141430; 2 }

0727170006

DCN: 170727060135 SEQ: 0727170008 LX

EXHIBIT A pg 1 of 2

Category Code: SBRG

7. If I submit a check for less than the reimbursement amount requested by the Plan, the Plan may accept the check, treat the difference as an overpayment of benefits, and recover the overpayment as described above. Any attempt to limit the Plan's right to reimbursement (for example, language on a check indicating that it is a "final" payment) is of no effect.

8. The Plan may share this Agreement and other information relating to the illness or injury with third parties for purposes of administering or enforcing its reimbursement rights. For example, the Plan will share information in order to coordinate payments with personal injury protection (PIP) coverage, medical payments coverage, and similar coverage (the Plan pays secondary to such coverage, and so will not advance payment for any health expenses to the extent they are payable by such coverage, or would be payable by such coverage in the absence of Plan coverage).

9. This Agreement is made pursuant to the terms of the Plan, as a condition to the continued receipt of benefits under the Plan for myself and/or my family members, and does not in any way reduce or waive our obligations under the Plan. I acknowledge my right to consult with an attorney regarding this Agreement prior to its execution. I acknowledge that I have received both pages of this Agreement and agree to all its terms.

Participant/Employee's Name: __Ashli Gerlach__   Date: __7/15/17__

Signature: __Ashli Gerlach__

Member ID #: __118127265 79__   Date the injury/illness occurred: __1/30/17__

*If the injury or illness was incurred by a family member, the family member must also sign. (If the family member is a minor or is incapacitated, the person's parent or legal guardian must sign on their behalf.)*

Family Member's Name: _____   Date: _____

Signature: _____

*If you are represented by an attorney, your attorney must also sign. By signing below, your attorney agrees to honor the Plan's lien, and that the Plan is not responsible for any portion of your attorney's fees or costs.*

Attorney's Name: _____   Date: _____

Signature: _____

Reimbursement Agreement – page 2        {00141430; 2 }

0727170006

DCN: 170727080135 SEQ: 0727170000 LX

EXHIBIT A pg 2 of 2