UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMMEL, CARTER, ROMAN,
PELTZ, & O'NEILL, P.A., on behalf of
itself and all others similarly situated,

Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION and the COSTCO
EMPLOYEE BENEFITS PROGRAM,

Defendants.

C19-741 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' motion for joinder of necessary party, docket no. 12, is GRANTED. This is an action for declaratory and injunctive relief brought by a Delaware personal injury law firm ("Kimmel Carter") against Costco Wholesale Corporation and the Costco Employee Benefits Program seeking to void a requirement in Costco's Employee Benefits Program (the "Plan") that requires attorneys to sign onto the Reimbursement Agreement presented to all employees who receive benefits under the Plan. The case concerns ERISA-regulated benefits under Costco's employee benefits program. Plaintiff's client, Ashli Gerlach, signed the Retirement Agreement, Exhibit A to the complaint in this action. As an employee of defendant Costco Wholesale Corporation and a participant in the Plan, Ms. Gerlach's rights may be affected if plaintiff succeeds in its claim for declaratory judgment in this action. Plaintiff alleges that certain terms of the defendants' Reimbursement Agreement that are quoted within paragraph 8 (of the complaint) are unlawful, unenforceable, void against public policy, and of no

MINUTE ORDER - 1

effect to the proposed class. Ashli Gerlach is a necessary party under Federal Rule 19(b). Because this action will be decided under ERISA, service of process on Ms. Gerlach may be effected anywhere in the United States. 29 U.S.C. § 1132(e)(2).

(2) Plaintiff's motion to remand, docket no. 14, is DENIED. The Court has jurisdiction under ERISA. *See, e.g.*, *DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868, 873 (9th Cir. 2017) (quoting 29 U.S.C. § 1132(a)(1) & (3)) (noting that civil actions under ERISA may be brought "by a participant, beneficiary, or fiduciary").

(3) Plaintiff's motion, docket no. 33, to defer deadline for class certification motion is STRICKEN as moot. The Court will set a deadline for such motion when it issues a scheduling order in this matter.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 20th day of August, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2