UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIMMEL CARTER ROMAN PELTZ & O'NEILL, P.A. and ASHLI N. GERLACH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION and the COSTCO EMPLOYEE BENEFITS PROGRAM,<br><br>Defendants. | C19-741 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Defendants Costco Wholesale Corporation's and Costco Employee Benefits Program's Motion to Dismiss, docket no. 40, and Plaintiffs Kimmel Carter Roman Peltz & O'Neill's and Ashli N. Gerlach's Motion for Relief from the Deadline for Seeking Class Certification, docket no. 49. Having reviewed all papers filed in support of and in opposition to the motions, the Court enters the following order.

**Background**

Plaintiffs are a Delaware law firm, Kimmel Carter, and its client, Ashli Gerlach, who the firm represents in a personal injury matter. Amended Complaint ("AC"), docket no. 37, ¶¶ 2, 3, 7. Costco Wholesale Corporation ("Costco") funds and administers the Costco Employee Benefits Program (the "Plan"), a self-funded benefits plan under the

ORDER - 1

Employee Retirement Income Security Act ("ERISA"). *Id.* ¶¶ 4-6. The Plan advances funds to cover medical expenses incurred by employees while they seek to recover from responsible third parties. As a condition of receiving benefits from the Plan, employees like Ms. Gerlach and their attorneys are required to sign a reimbursement agreement. *Id.* ¶¶ 8-9.

The reimbursement agreement states in pertinent part that benefits are advanced "on the condition that [the employee] reimburse the Plan out of any payment that a third party makes to [the employee], [the employee's] family members, or [the employee's] attorney." *Id.* ¶ 9. The reimbursement agreement sets forth Costco's "equitable lien against any third-party payment" and a "first dollar right to reimbursement" without "reduction for any costs or attorney's fees." *Id.* It also states, "If you are represented by an attorney, your attorney must also sign. By signing below, your attorney agrees to honor the Plan's lien, and that the Plan is not responsible for any portion of your attorney's fees or costs." *Id.*

Ms. Gerlach signed the reimbursement agreement in July 2017, but Kimmel Carter refused to do so. *Id.* ¶¶ 8, 10. Pursuant to the reimbursement agreement, Ms. Gerlach was therefore ineligible for advancement of medical bills related to her accident in January 2017, and the Plan has refused to pay her attorneys compensation under the common fund doctrine and the doctrine of quantum meruit. *Id.* ¶ 10. Defendants now move to dismiss, contending that this action is preempted by ERISA. Plaintiff contends that the agreement is "simply a garden-variety contract" and not an ERISA plan.

**Discussion**

**A. Motion to Dismiss**

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must indicate more than mere speculation of a right to relief. *Id.* When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. A complaint may be lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. *Twombly*, 550 U.S. at 570. If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**B. ERISA Preemption**

Plaintiffs' claims fall into two categories: (1) claims seeking a judicial declaration that the reimbursement terms of Costco's Plan and its reimbursement agreement are

ORDER - 3

"unlawful, unenforceable, void against public policy, and of no effect" pursuant to Delaware[1] attorney ethics rules and state common law doctrines and (2) claims requiring that the Plan make payments to Plaintiffs because the reimbursement terms are nullified by the first claim.  AC ¶¶ 1, 11, 24.

ERISA provides a comprehensive framework for the regulation of employee pension and benefit plans.  The plan is "at the center of ERISA," *U.S. Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013), and state regulatory powers cannot validate a state law that enters a fundamental area of ERISA regulation.  *Gobeille v. Liberty Mut. Ins. Co.*, 136 S. Ct. 936, 946 (2016).  To ensure that all employee pension and benefit plans are governed by federal law, Congress included a deliberately expansive preemption provision in ERISA that is one of the broadest ever enacted by Congress.  *Gen. Am. Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1521 (9th Cir. 1993).  ERISA's preemption provision states that "any and all State laws" that "relate to" plans covered by ERISA are preempted.  29 U.S.C. § 1144(a).  A law "relate[s] to" an ERISA plan if it has a "reference to" or "connection with" an ERISA plan.  *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97, 104 (1983) (Congress used the words "relate to" in their "broadest sense").

---

[1] The opinion states that "any agreement by a lawyer to personally satisfy or indemnify any claims to the settlement funds made by a third party is made in violation of Rules 1.7(a)(2) and 1.8(e) of the Delaware Lawyers' Rules of Professional Conduct."  Motion to Dismiss, docket no. 40-3 at 6, Ex. 3.  The opinion notes that "[a]dvisory opinions from eleven (11) other jurisdictions addressing this issue have also found such agreements to be unethical."  *Id.*

A state law may relate to a benefit plan even if it is not specifically designed to affect the plan. *Shaw*, 463 U.S. at 97. A state claim has an impermissible "connection with" an ERISA plan if it "governs a central matter of plan administration," "interferes with nationally uniform plan administration," or "bears on an ERISA-regulated relationship." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 666 (9th Cir. 2019) (citations omitted), *cert. denied*, 140 S. Ct. 223, 205 L. Ed. 2d 127 (2019).

The question presented is whether Plaintiffs' claims are preempted by ERISA. The answer is a resounding "yes." Plaintiffs' requested relief that the reimbursement terms in Costco's *ERISA plan* be declared "unlawful, unenforceable, void against public policy, and of no effect" *directly* "relates to" an *ERISA plan*.[2] Plaintiffs' claims seek to mandate payments by the plan to Ms. Gerlach and Kimmel Carter in direct abrogation of the Plan terms. Any state law claim that seeks to specify when an ERISA Plan must pay benefits is preempted. Indeed, other courts uniformly hold that state and common law claims involving similar plan reimbursement terms are preempted by ERISA. *See, e.g.*, *FMC Corp. v. Holliday*, 498 U.S. 52, 65 (1990) (ERISA preempts law precluding employee welfare benefit plans from exercising subrogation rights on a claimant's tort recovery); *Barnes v. Indep. Auto. Dealers Ass'n of Cal. Health & Welfare Benefit Plan*, 64 F.3d 1389, 1392-93 (9th Cir. 1995) (ERISA preempts state subrogation law);

---

[2] Plaintiffs cite an ethics opinion from New Jersey in opposition to Defendants' Motion, N.J. Adv. Comm. Prof. Eth., Formal Op. 727 (2013) (ERISA-governed health benefits plans and subrogation agreements). This opinion, however, *supports* Defendants' Motion. It states in pertinent part that "[i]f, however, the agreement requires the lawyer to acknowledge the lien and satisfy it out of funds in the lawyer's possession, and the plan does not attempt to control the direction of the litigation or otherwise interfere with the lawyer's duties to the client, ethical issues do not arise." *Id.* at 4.

*Cavanaugh ex rel. Cavanaugh v. Providence Health Plan*, 699 F. Supp. 2d 1209, 1223 (D. Or. 2010) (ERISA preempts state laws precluding a plan from seeking reimbursement).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendants' Motion to Dismiss, docket no. 40, is GRANTED with prejudice.

(2) Plaintiff's Motion for Relief from the Deadline for Seeking Class Certification, docket no. 49, is STRICKEN as moot.

(3) The Clerk is directed to enter judgment consistent with this Order, to CLOSE this case, and to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 11th day of February, 2020.

Thomas S. Zilly
United States District Judge